UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PRISCELLA ANN ERICKSON,**

    **Plaintiff,**

v.                                            Case No: 5:22-cv-299-TJC-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

_____

## ORDER

This matter is before the undersigned on Defendant's unopposed motion for entry of judgment with remand in which Defendant requests that the Court remand this case so that the Commissioner can take further administrative action. (Doc. 19). Defendant states that Plaintiff has no objection to the Motion to Remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. *Brissette v. Heckler*, 730 F.2d 548 (8th Cir. 1984), *appeal after remand*, 613 F. Supp. 722 (E.D. Mo. 1985), *judgment aff'd in part, rev'd in part*, 784 F.2d 864 (8th Cir. 1986). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th

Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, the undersigned agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is respectfully ORDERED that:

(1) Defendant's unopposed motion for entry of judgment with remand (Doc. 19) is **GRANTED**.

(2) This action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reasons:

> 1) consider Plaintiff's obesity, psoriasis, and psoriatic arthritis under 20 C.F.R. §§ 416.922 and 416.923, 2) re-evaluate Plaintiff's obesity under SSR 19-2p; 3) if necessary, reconsider Plaintiff's subjective complaints of pain and other symptoms under 20 C.F.R. § 416.929; 4) if necessary, re-evaluate Plaintiff's residual functional capacity under 20 C.F.R. § 416.945; 5) obtain supplemental vocational expert testimony concerning Plaintiff's ability to perform other work under 20 C.F.R. § 416.966, reconciling any apparent conflicts between the vocational expert's testimony and the U.S. Department of Occupational Titles pursuant to SSR 00-04p; 6) take any necessary steps to complete the administrative record; and 7) issue a new hearing decision.

(3) The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 3, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties